UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Harland Cantin, Dorothy      :
Cantin,                      :
        Plaintiffs,          :
                             :
        v.                   :      File No. 2:06-CV-218
                             :
Nature Conservancy,          :
Robert Bent, Charles         :
Hickey, Kristina             :
Michelsen,                   :
        Defendants.          :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 7, 13, 22, 23, 24, 33, 34, 35 and 36)

    Plaintiffs Harland and Dorothy Cantin, proceeding

*pro se*, bring this action claiming that the defendants

engaged in illegal racketeering and mail fraud.  The

defendants have moved to dismiss arguing, *inter alia*,

that the Cantins have failed to plead their claims with

the required level of specificity.  Also pending before

the Court are the plaintiffs' motion for summary

judgment, defendant Hickey's motion for a pretrial

conference, the plaintiffs' motions to strike various

filings and a petition for declaratory relief.  For the

reasons set forth below, I recommend that the defendants'

motions to dismiss be GRANTED, and that the plaintiffs be

allowed 30 days to amend their complaint.  I further

recommend that the plaintiffs' motion for summary

judgment be DENIED as premature.  All other motions are
DENIED.

## Factual Background

The Cantins accuse the defendants of using
fraudulent land surveys to defraud property owners.  The
complaint sets forth six "predicate acts" of such fraud.
In the "first predicate act," the Cantins allege that the
Nature Conservancy "by and through Robert Bent
perpetrated a scheme to defraud Harland and Dorothy
Cantin of substantial property."  They claim that Bent
"prepared papers which [he] knew were false and utter
[sic] the false papers through the United States Mail
Service."  They further allege that Bent's intent was to
"deceive and mislead Harland and Dorothy Cantin" by
depriving them of "valuable property which Bent sought to
incorporate into the Nature Conservancy's webb [sic] of
lies, fraud and deceit."  (Paper 1-1 at 3-4).

The claims in the "second predicate act" are nearly
identical to those set forth in the first, with the added
conclusion that "[a] jury shall determine that Robert
Bent was ready, willing and able to fabricate documents
in an attempt to defraud Harland and Dorothy Cantin."

Id.  The "third predicate act" is, again, similar to the first, adding the conclusion that "[a] jury shall determine that Robert Bent's theories of how to steal property were *way out in left field* having no basis in any lawful proceeding."  Id. (emphasis in original).  The third set of allegations also concludes that, with the Nature Conservancy's significant resources behind him, Bent could "make up" the law and buy influence.  Id. at 4-5.  The "fourth predicate act" alleges that Bent enlisted Alan W. Cook in his "scheme to defraud Harland and Dorothy Cantin."

The "fifth predicate act" alleges wrongdoing by defendant Kristina Michelsen.  The Cantins claim that Michelsen perpetuated the scheme to defraud them and, like Bent, "prepared false papers and uttered the false papers through the United States Mail Service."  Id. at 5.  The "sixth predicate act" is nearly identical to the fifth, and concludes that "[a] jury shall determine that the papers prepared by Michelesen [sic] constituted fraud in fact which Harland and Dorothy Cantin were expected to rely on to their detriment; in fact, others did succumb to the frauds perpetrated by Michelesen [sic] and Bent."

3

Id. at 5-6.

    The next few pages of the complaint set forth legal conclusions about the Cantins' claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and Section 4 of the Clayton Act.  For example, the Cantins argue that they have alleged sufficient injuries to their business and property to show standing, and that they have shown a pattern of racketeering activity sufficient to "perfect" their RICO claims.  (Paper 1-1 at 6-7).  The complaint further alleges that, "[u]ndeniably, the defendants have used the United States Mail Service for purposes of fraud and extortion."

    The complaint also contains an affidavit from plaintiff Harland Cantin.  The affidavit alleges that the Nature Conservancy is not the true owner of certain lots in Guildhall, Vermont.  Mr. Cantin attests that a surveyor has validated the plaintiffs' claims, but was forced to withdraw his survey "under duress."  Id. at 9.  Another surveyor performed a survey that "was submitted" by defendant Bent, but this survey allegedly "lacks authentication suggesting that the survey was fabricated

4

by Robert Bent." Id. Mr. Cantin does not explain the context in which these surveys were presented. The complaint concludes with an argument pertaining to the proper applications of statutes of limitations, and a prayer for relief.

Discussion

I. <u>Motions to Dismiss</u>

The defendants have moved to dismiss the complaint, arguing first that the Cantins failed to plead their claims of fraud with specificity as required under Fed. R. Civ. P. 9(b). Allegations of fraud must comply with the heightened pleading standards of Rule 9(b), which requires that such claims be "stated with particularity." Fed. R. Civ. P. 9(b); <u>see</u> 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed. 2004). This heightened pleading requirement is designed to further three goals: "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." <u>DiVittorio v. Equidyne Extractive Indus. Inc.</u>, 822 F.2d 1242, 1247 (2d Cir.1987).

The six "predicate acts" set forth in the Cantins'
complaint consist of largely conclusory allegations.  For
example, the first predicate act alleges that Bent
"perpetrated a scheme to defraud" with the intent "to
deceive and mislead" Harland and Dorothy Cantin and
deprive them of "valuable property."  Only when the
reader couples these conclusions with Harland Cantin's
affidavit, and the introductory "theory of the case,"
does it become apparent that the scheme in question
pertained to real estate.  Still, Bent's role in the
scheme, his specific acts of fraud, and his means of
carrying out the scheme remain unclear.  The lone
exception is the allegation in paragraph five of Cantin's
affidavit that a land survey may have been "fabricated by
Robert Bent."  No such specificity is offered with
respect to defendant Kristina Michelsen, and defendant
Charles Hickey is hardly mentioned at all.  Moreover, it
is not clear from the complaint what connection any of
these defendants had to the Nature Conservancy.

When a plaintiff alleges fraudulent
misrepresentations, the Second Circuit has held that the
allegations must "(1) specify the statements that the

plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). Where there are multiple defendants, the plaintiff must plead fraud with particularity as to each defendant who allegedly made misrepresentations. See DiVittorio, 822 F.2d at 1247; In re Livent, Inc. Sec. Litig., 78 F. Supp. 2d 194, 213 (S.D.N.Y. 1999) ("[Fraud] claim may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be appraised of the circumstances surrounding the fraudulent conduct with which he individually stands charged.").

The current allegations do not satisfy the established tests for pleading a fraud claim. The Cantins are alleging a fraudulent scheme, but have not specified the nature of the scheme. With respect to Bent, the complaint fails to allege how the Cantins were defrauded, other than the implication that a fabricated survey was involved. As noted above, the allegations

7

against the remaining defendants are even more sparse.
Vague references to fraudulent land surveys are
insufficient.  Accordingly, the complaint does not
satisfy the requirements of Rule 9(b).

The defendants next argue that the Cantins have
failed to properly plead a RICO claim.  The civil RICO
statute, 18 U.S.C. § 1962, provides a private cause of
action for those injured by another's pattern of
racketeering activity.  To plead a violation of the
statute, a plaintiff must allege the existence of seven
elements: "(1) that the defendant (2) through the
commission of two or more acts (3) constituting a
'pattern' (4) of 'racketeering activity' (5) directly or
indirectly invests in, or maintains an interest in, or
participates in (6) an 'enterprise' (7) the activities of
which affect interstate or foreign commerce."  Id. at 17
(citing 18 U.S.C. § 1962(a)(c)); The Jordan (Bermuda)
Inv. Co., Ltd. v. Hunter Green Invs. Ltd., 154 F. Supp.
2d 682, 690 (S.D.N.Y. 2001)).  "In short, to establish a
violation of 18 U.S.C. § 1962(c), a plaintiff must
establish that a defendant, through the commission of two
or more acts constituting a pattern of racketeering

activity, directly or indirectly participated in an enterprise, the activities of which affected interstate or foreign commerce." <u>DeFalco v. Bernas</u>, 244 F.3d 286, 306 (2d Cir. 2001) (citations omitted).

The complaint in this case alleges RICO violations through fraud. To the extent that the Nature Conservancy acted "by and through" Bent and Michelsen, the complaint may be read as alleging at least two acts. However, as noted above, the context in which these acts took place is unclear. Moreover, while a pattern of fraud may be wielded against a single victim, that victim must allege a pattern of separate economic injuries. <u>See State Wide Photocopy Corp. v. Total Financial Services, Inc.</u>, 909 F. Supp. 137, 140 (S.D.N.Y. 1995); <u>see also LaSalle Bank Lake View v. Seguban</u>, 937 F. Supp. 1309, 1321 (N.D. Ill. 1996). Here, it is not clear that the specific acts of alleged fraud resulted in multiple injuries. The Cantins claim that Bent and Michelson deprived them of valuable property. They further claim that the Nature Conservancy generally defrauds people, but do not support these claims with specific facts. Another landowner, Maudetta Taylor, is named specifically, but the allegation is that

she lost her land through coercion rather than fraud. Accordingly, the current complaint does not clearly allege a valid RICO violation.

Finally, the defendants contend that the complaint lacks any factual support for asserting personal jurisdiction over Michelsen, and that there are no specific claims of wrongdoing by Hickey.  When personal jurisdiction is challenged and there has been no discovery on the issue, the allegations in the complaint "need only reveal a *prima facie* showing of jurisdiction." In re Bayou Hedge Fund Investment Litigation, 2007 WL 142594, at *2 (S.D.N.Y. Jan. 19, 2007) (citing Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), cert. denied, 498 U.S. 854 (1990)).  The plaintiffs have made no such showing, claiming only that Michelsen prepared and sent false papers from an undisclosed location.  With respect to Hickey, the complaint states that Hickey "can receive income from the spoils" of the Nature Conservancy's actions, and that he can "make a living at the expense of others" is insufficient to state a claim.  These allegations do not allege any affirmative fraudulent conduct, and thus fall

well short of the pleading requirements of Rule 9(a).

The usual practice when dismissing a claim based on a lack of sufficient particularity under Rule 9(b) is to allow the plaintiffs to amend the deficient pleading. See 5A Wright & Miller § 1300; Koehler v. Bank of Bermuda (New York), Ltd., 209 F.3d 130, 138 (2d Cir. 2000) ("Leave to amend should be freely granted, especially when dismissal is based on Rule 9(b)."). The same practice is true generally for *pro se* plaintiffs. Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Therefore, I recommend that the defendants' motions to dismiss be GRANTED, and that the Cantins be allowed 30 days to file an amended complaint. Failure to file a properly amended complaint may result in the dismissal of this case.

II.  Plaintiffs' Motion for Summary Judgment

Approximately one month after filing their complaint, and before the defendants were required to file a responsive pleading, the plaintiffs moved for summary judgment. In support of their motion, the Cantins each submitted affidavits and jointly submitted a memorandum of law. The affidavits largely repeated the sections of the complaint pertaining to the ownership of

11

certain lots, competing surveys, and allegedly fraudulent
conduct.  The defendants filed a response in "an excess
of caution," objecting to the motion for summary judgment
as premature and referring the Court to their motions to
dismiss.  (Paper 28).

For reasons discussed above, the complaint in this
case is insufficient.  Without an adequate complaint on
file, summary judgment should not be granted in the
plaintiffs' favor at this time.  Moreover, summary
judgment is generally not granted until the nonmoving
party has been given an opportunity to conduct discovery.
See Hellstrom v. United States Dep't of Veteran Affairs,
201 F.3d 94, 97 (2d Cir. 2000); see also Berger v. United
States, 87 F.3d 60, 65 (2d Cir. 1996) (summary judgment
should only be granted "[i]f after discovery, the
nonmoving party" has failed to carry its burden).[1]
Accordingly, the Court should DENY the motion for summary
judgment as premature, with leave to re-file at an
appropriate time.

---

[1]  The Court acknowledges that, in some situations, summary judgment prior
to the conclusion of discovery may be appropriate.  See, e.g., McClenton
v. Menifee, 2006 WL 2474872 (S.D.N.Y. Aug. 22, 2006) (granting summary
judgment on grounds including failure to exhaust administrative remedies).
The plaintiffs' motion for summary judgment on the underlying merits of
the case does not present such a situation.

III.   Remaining Motions

Defendant Charles Hickey has moved for a pretrial conference.  In his motion, Hickey informs the Court that state court decisions have previously denied the plaintiffs' boundary claims.  He also notes that the Nature Conservancy is seeking to quiet title via a pending motion for summary judgment in Essex County. Hickey requests that the Court hold a Rule 16 conference to establish a schedule for this case going forward, and specifically to establish a deadline for submitting substantive responses to the plaintiffs' motion for summary judgment.  Because I am recommending that the Court (1) require an amended complaint and (2) deny the summary judgment motion as premature, there is no need for a Rule 16 conference at this time.  The motion for a pretrial conference is DENIED.

The Cantins have moved to strike various filings by the defendants, including Bent and Michelsen's response to their summary judgment motion and Hickey's motion for a pretrial conference.  Briefly stated, the Cantins charge that these filings are unsupported by the law and threaten "the integrity and dignity of this Court."

13

(Paper 35 at 3).  The merits of the defendants' filings are discussed above, the Court deems them to have been filed in good faith, and the motions to strike are DENIED.

Finally, the Cantins have asked for a declaratory judgment on various points of fact and law.  The "propositions" set forth in the Cantins' petition largely pertain to the motions discussed above.  The petition is therefore DENIED as moot.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendants' motions to dismiss (Papers 13, 22 and 23) be GRANTED, and that the plaintiffs be granted 30 days to file an amended complaint.  I further recommend that the plaintiff's motion for summary judgment (Paper 7) be DENIED as premature.  Defendant Hickey's motion for a pretrial conference (Paper 24) and the plaintiffs' remaining motions (Papers 33, 34, 35 and 36) are DENIED.

Dated at Burlington, in the District of Vermont, this 9th day of April, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).