```
                  UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT

Harland Cantin, Dorothy        :
Cantin,                        :
         Plaintiffs,           :
                               :
         v.                    :    File No. 2:06-CV-218
                               :
Nature Conservancy,            :
Robert Bent, Charles           :
Hickey, Kristina               :
Michelsen,                     :
         Defendants.           :
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs Harland and Dorothy Cantin, proceeding *pro se*, bring this action claiming that the defendants have engaged in illegal racketeering and mail fraud. The defendants moved to dismiss, arguing that the Cantins failed to plead their claims with the required level of specificity, and the Court has granted the motion. The Court also allowed the plaintiffs leave to amend their complaint. In its order, the Court warned that "[f]ailure to file a properly amended complaint may result in the dismissal of this case."

The Court has now received the Cantins' amended complaint. With respect to the allegations of racketeering and mail fraud, the plaintiffs have not added any new facts. They have, however, added 49 new

defendants, most of whom are federal judges and attorneys. The new defendants include each of Vermont's federal judges. The Cantins claim that these so-called "Class II" defendants are part of a syndicate of organized crime. Because the Cantins have failed to properly amend their complaint, and because their proposed amendment is clearly frivolous, I recommend that this case be DISMISSED.

## Discussion

The facts underlying the Cantins' initial claims of racketeering and fraud were set forth in the Court's prior Report and Recommendation (Paper 38), and the parties' familiarity with those facts will be assumed. In response to the initial complaint, the defendants moved to dismiss for failure to plead with the required level of specificity. The Court granted the motion, and granted the Cantins 30 days in which to file an amended complaint. The Court also denied the Cantins' motion for summary judgment as premature.

The Cantins have now filed a timely amended complaint. As noted above, the amended complaint contains no new facts. Large portions of the initial

complaint are repeated verbatim, while other portions have been deleted.  The order of presentation is somewhat different, but the content is very much the same.

The reason for the Court's dismissal of the original complaint was that the plaintiffs had failed to adequately support their claims of RICO violations, fraud, and with respect to some defendants, personal jurisdiction.  Without the benefit of additional facts, the Court again concludes that dismissal is warranted.  The plaintiffs were granted leave to amend their complaint, but failed to remedy the legal shortcomings of their pleading.  I therefore recommend that the allegations against Nature Conservancy, Robert Bent, Charles Hickey and Kristina Michelsen be DISMISSED.

The next issue is the matter of the 49 new defendants.  These defendants include federal judges from Vermont, Maine, Massachusetts, New Hampshire and Puerto Rico, United States Attorneys from those jurisdictions, and the attorneys for the original defendants.  The allegations against the federal defendants, referenced generally as the "Class II" defendants, are that they have "engaged in a number of different rackets,"

including "in the area of trafficking in counterfeit securities." The Cantins further allege that these defendants "contact [a] target, then knowingly utter false evidence of indebtedness to the target with the intent to deceive the person and extort money and property from them." With respect to the judges and attorneys who have been directly involved in this case, the Cantins claim that they have committed wrongdoing by advancing the allegedly fraudulent schemes of the original defendants.

The first question with respect to the new allegations is whether, in light of the fact that each of the federal judges in Vermont are defendants, this Court may issue a ruling. In most circumstances, 28 U.S.C. § 455(b)(5)(i) requires a federal judge to disqualify himself when he is a party to the proceeding. However, "under the 'rule of necessity,' a judge is qualified to decide a case even if he has an interest in it when 'the case cannot be heard otherwise.'" Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (quoting United States v. Will, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to the recusal mandates in 28

U.S.C. § 455)).  Moreover, when a plaintiff has indiscriminately named each of the Court's judges, transfer to a different district is not required.  See Tapia-Ortiz, 185 F.3d at 10.

Here, the Cantins assert that the judges involved in this case have caused them direct harm.  The naming of all other federal defendants, including Vermont's third federal judge, was clearly indiscriminate.  Therefore, a transfer is not required, and this Court may issue a final ruling in this case.

With respect to the merits of the Cantins' amended claims, these claims are clearly frivolous.  The Second Circuit has held that a district court has authority to dismiss frivolous claims *sua sponte*.  Fitzgerald v. First East Seventh Street Tenants, 221 F.3d 362, 362 (2d Cir. 2000).  In deciding whether an action is frivolous, the court must determine whether the complaint lacks an "arguable basis in law or fact."  Neitzke v. Williams, 490 319. 325 (1989).  A complaint is factually frivolous if it includes allegations that are "fanciful, fantastic, and delusional."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

5

The allegations against the "Class II" defendants meet this definition.  The Cantins claim that a wide array of federal officials, most of whom are or have been federal judges, are involved in an organized crime syndicate.  This claim lacks an arguable basis in fact or law.

The allegations against the judges and attorneys directly involved in this case are equally meritless.  Briefly stated, the Cantins claim that the judges of this Court and opposing counsel have violated federal law by advancing the fraud that was alleged against the original defendants.  The judges in question are clearly entitled to judicial immunity for their actions.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  As to the attorneys, it is clear from the Court record that these individuals merely carried out their responsibilities in defending their clients against litigation.  Indeed, there are no specific allegations against any of these attorneys other than the conclusory claim that they "aided and abetted" the original defendants in "schemes of fraud and extortion."  The claims against all new defendants should, therefore, be deemed frivolous, and

the amended complaint should be DISMISSED.

## Conclusion

For the reasons set forth above, I recommend that this case be DISMISSED with prejudice.

Dated at Burlington, in the District of Vermont, this 4th day of June, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).